IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH WILLIAM CAMPOS,<br><br>                          Petitioner,<br><br>    vs.<br><br> BILL LOCKYER,<br><br>                          Respondent. | Case No. CV F-00-6884 JKS<br><br><br>O R D E R |

Ralph William Campos was convicted in California state court of willful infliction of corporal injury on the mother of his child, and assault by means of force likely to produce great bodily injury. *See* Cal. Penal Code §§ 273.5, 245(a)(1).  In a separate proceeding the court found true allegations that Campos had a previous conviction for willful infliction of corporal injury on the mother of his child within seven years of the instant violation, and that he was a third strike offender.  Accordingly, the court sentenced Campos to two terms of 25 years to life imprisonment and stayed the second term.  Campos has exhausted his state remedies and brings this petition for habeas corpus pursuant to 28 U.S.C. § 2254.  Docket Nos. 1 (Pet.); 10 (Answer); 20 (Traverse).

Campos raises two issues in his petition.  He argues that there was insufficient evidence to sustain his conviction for assault by means of force likely to produce great bodily injury.  He also argues that the use of evidence of a prior incident of domestic violence under California Evidence Code § 1109 violated his federally protected due process and equal protection rights.  The Court will address the arguments in that order.

1

**DISCUSSION**

Campos's petition post-dates the April 24, 1996 enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which governs federal court procedure for habeas corpus petitions. AEDPA permits a federal court to grant relief in habeas petitions only if the state court's decision: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). "The first prong applies both to questions of law and to mixed questions of law and fact, while the second prong applies to decisions based on factual determinations." *Davis v. Woodford*, 384 F.3d 628 (9th Cir. 2004) (citations omitted). A state court's determination is "'contrary to' federal law if the state court (1) 'applies a rule that contradicts the governing law' set forth in Supreme Court case authority or (2) applies controlling law to a set of facts that are 'materially indistinguishable' from a Supreme Court decision but nevertheless reaches a different result." *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1169 (9th Cir. 2003) (citing and quoting *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). A state court's decision is an "unreasonable application" of federal law if it is "objectively unreasonable," which "requires the state court decision to be more than incorrect or erroneous." *Lockyer*, 538 U.S. at 75.

**I.     Insufficient Evidence**

Campos argues that his conviction for assault with force likely to produce great bodily injury was unsupported by the evidence presented at trial. "[T]he critical inquiry on review of sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Va.*, 443 U.S. 307, 318 (1979). This requires the reviewing court to analyze whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," not whether "*it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id*. at 319 (quoting *Woodby v. INS*, 385 U.S. 276, 282 (1966)).

ORDER

Turning to the specific facts of this case, the Court concludes that a "rational trier of fact could have found the essential elements" of assault with force likely to produce great bodily injury beyond a reasonable doubt. *See id.* The offense does not require that great bodily injury actually occur, but rather that the force used was "likely" to cause great bodily injury. *See* Cal. Penal Code § 245(a)(1). There was evidence that the victim of the assault suffered bruising and swelling of her face and bruising to her chest. *See* Docket No. 1, Ex. A at 13. The evidence also showed that she was struck six times in the chest, and that the injuries she sustained as a result of the blows continued to cause her pain for two weeks after the assault. *Id.* Based on the language of the statute and the facts at hand, the California Court of Appeal concluded that "the jury reasonably could have concluded beyond a reasonable doubt that appellant committed an assault likely to produce great bodily injury." Docket No. 1, Ex. A at 13. The California court's determination was not contrary to, or an unreasonable application of, clearly established federal law, nor was the decision based on an unreasonable determination of the facts in light of the evidence presented at trial. *See* 28 U.S.C. § 2254(d)(1)–(2).

## II.    Admission of Evidence of Prior Acts of Domestic Violence

Campos next argues that California Evidence Code § 1109, when interpreted to permit evidence of a prior incident involving the same victim, violates federal due process and equal protection. Over an earlier objection by Campos's attorney, the trial judge admitted evidence pursuant to section 1109 of prior acts of domestic violence committed by Campos against the same victim. *See* Reporter's Supplemental Transcript on Appeal at 11–12; Reporter's Transcript on Appeal at 70–71. The California Court of Appeal analogized section 1109 to a California evidence section that has passed constitutional muster and held that the application of section 1109 in Campos's case did not violate his due process or equal protection rights. Docket No. 1, Ex. A at 7 (citing *People v. Falsetta*, 21 Cal. 4th 903 (Cal. 1999), *People v. Johnson*, 77 Cal. App. 4th 410 (Cal. App. 2000), and *People v. Fitch*, 55 Cal. App. 4th 172 (Cal. App. 1997)).

Section 1109 provides in relevant part: "in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other domestic violence is not made inadmissible by Section 110 if the evidence is not inadmissible

ORDER

pursuant to Section 352." Cal. Evid. Code § 1109(a)(1). Section 1101(a) disallows character evidence to prove conduct on a specific occasion. Section 1101(b) permits the admission of uncharged acts when relevant to establish some fact other than a person's character or disposition, such as motive, intent, identity, or common scheme or plan. Section 352 provides, "[t]he court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will . . . create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." Cal. Evid. Code § 352.

**1.      Due Process**

The Federal Rules of Evidence do not include a domestic violence exception to the general exclusion of propensity evidence. However, section 1109 is analogous to Federal Rule of Evidence 414, which governs the admissibility of prior conduct in child molestation cases. Rule 414 provides that "evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant." Fed. R. Evid. 414. The Ninth Circuit Court of Appeals has held that because "[p]otentially devastating evidence of little or no relevance would have to be excluded under [Federal Rule of Evidence] 403. . . . Rule 414 is constitutional." *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001).

Like the interplay between Rule 414 and Rule 403, section 1109 operates under the broad prohibition on the admission of unduly prejudicial evidence contained in section 352. Thus where the probative value of evidence of prior acts of domestic violence against the same victim is outweighed by the probability that the evidence will "create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury," the evidence will not be admitted. *See* Cal. Evid. Code § 352. Section 352 ensures that evidence that is so prejudicial as to interfere with the right to a fair trial under the due process clause will not be admitted under section 1109. Campos has not shown that the California Court of Appeal's rejection of his due process claim was contrary to, or an unreasonable application of, clearly established federal law.

**2.      Equal Protection**

Precedent addressing the constitutionality of Federal Rule of Evidence 414 also provides guidance on Campos's equal protection claim. In *LeMay* the Ninth Circuit held that Rule 414 does

ORDER

not violate the equal protection clause.  The Court reasoned that the rule does not discriminate on the basis of any suspect or quasi suspect class, and that there is no fundamental right to a trial free from relevant evidence that is not unduly prejudicial.  *LeMay*, 260 F.3d at 1030.  The Court further stated that prosecuting crime is a legitimate governmental interest and that Rule 414 bears a reasonable relationship to that interest.  *Id*.

For purposes of an equal protection analysis, section 1109 is analogous to Rule 414. Domestic violence defendants are not a suspect or quasi suspect class, section 352 ensures that prejudice does not outweigh the probative value of evidence admitted at trial, and the government clearly has a legitimate interest in prosecuting crimes of domestic violence.  Section 1109 bears a reasonable relationship to this interest by aiding in the prosecution of such offenders.  Campos has failed to show that the California Court of Appeal's rejection of his equal protection argument was contrary to, or an unreasonable application of, clearly established federal law.

**IT IS THEREFORE ORDERED:**

Campos's petition for a writ of habeas corpus, **Docket No. 1**, is **DENIED**.  Campos's subsequent motions for assistance of counsel at **Docket Nos. 26** and **27**, and motion to proceed in forma pauperis at **Docket No. 25** are **DENIED AS MOOT**.  All three motions were made long after Campos filed his traverse.  *See* Docket No. 20.  The Court is of the view that the issue of a certificate of appealability should be addressed now rather than after Petitioner's claims and the issues they present fade with memory.  Appeal may not be taken without a certificate of appealability from either this Court or from the Ninth Circuit Court of Appeals.  28 U.S.C. § 2253.[1]

---

[1]Section 2253 of Title 28 of the United States Code provides in relevant part:
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

ORDER

The standard for granting a certificate of appealability has been stated as follows:  "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *United States v. Zuno-Arce*, 339 F.3d 886, 888–89 (9th Cir. 2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Campos has made no such showing.  For these reasons a certificate of appealability for this case is **DENIED**.  Campos may seek a certificate of appealability directly from the Ninth Circuit Court of Appeals' motions panel.

Dated at Anchorage, Alaska, this 21 day of July 2005.

_____/s/ James K. Singleton_____

**JAMES K. SINGLETON, JR.**
United States District Judge

---

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

ORDER